**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ERVIN MARTIN,
<u>Plaintiff-Appellant,</u>

and

LINDA J. MARTIN,
<u>Plaintiff,</u>

v.

No. 95-2413

BOARD OF TRUSTEES, SHEET METAL
WORKERS' NATIONAL PENSION FUND,
Plan A; ARTHUR MOORE; CLINTON O.
GOWAN, JR.; RONALD PALMERICK;
ROBERT D. CUSTER; ALAN J.
CHERMACK; BRUCE J. STOCKWELL;
MATTHEW B. HERNANDEZ,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-94-1374-A)

Argued: May 9, 1996

Decided: July 10, 1996

Before HALL and LUTTIG, Circuit Judges, and CHAPMAN,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** David Scott Greber, GREBER & SIMMS, Frederick, Maryland, for Appellant. Stephen Mark Rosenblatt, Office of General Counsel, SHEET METAL WORKERS' NATIONAL PENSION FUND, Alexandria, Virginia, for Appellees. **ON BRIEF:** William P. Fuller, GREBER & SIMMS, Frederick, Maryland, for Appellant. Robert M. Wilansky, Edward J. O'Connell, III, Office of General Counsel, SHEET METAL WORKERS' NATIONAL PENSION FUND, Alexandria, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Ervin Martin brought this action under ERISA against appellee Sheet Metal Workers' National Pension Fund Plan A ("the Plan") alleging a denial of benefits because of the Plan's unlawful cutback provisions. The Plan was subsequently amended, and Martin was awarded his benefits by the Board of Trustees of the Plan. Finding the appellant's claim moot, the District Court for the Eastern District of Virginia denied the appellant's motions for class certification and summary judgment and granted the appellee's motion for summary judgment. We affirm.

I.

This case involves a series of amendments to the Plan, some of which apparently violate ERISA's anti-cutback provisions, 29 U.S.C. § 1054(g). The anti-cutback provisions prohibit any amendment to a plan which reduces accrued benefits.

The Plan was amended in 1986 ("the 1986 amendments") to provide that if a participant engaged in a single hour of nonsignatory

sheet metal work (work that was not subject to a collective bargaining agreement), all rights to an early retirement pension or vested pension prior to age 65 were eliminated, and the amount of benefits payable at age 65 was reduced by any benefit based on past service credit. The 1986 amendments violated the anti-cutback provisions by reducing already accrued benefits.

In 1988, the 1986 amendments were repealed and the 1988 amendments went into effect. The 1988 amendments lessened the harsh consequences of performing nonsignatory work but did not eliminate them. The 1988 amendments provided that early retirement would be delayed six months for each quarter that a participant spent one or more hour in nonsignatory work; they also delayed the right to a vested pension.

The 1988 amendments were announced by a January 27, 1988 resolution by the Board of Trustees of the Plan:

> NOW, THEREFORE, BE IT RESOLVED that the Board of Trustees . . . hereby rescinds the 1986 amendments concerning work for nonsignatory, noncontributing employers and adopts amendments to the NPF Plan of Benefits effective September 1, 1988, as follows . . . [the 1988 amendments follow].

One of the main issues of contention is whether the 1986 amendments were rescinded on January 27, 1988 and the 1988 amendments adopted on September 1, 1988, or whether the 1986 amendments were rescinded and the 1988 amendments were adopted on September 1, 1988.

The IRS reviewed the 1990 Plan, containing the 1988 amendments, and concluded in a 1992 Technical Advice Memorandum ("the 1992 TAM") that the 1988 amendments did not violate the anti-cutback rules. The IRS issued another TAM in 1994 ("the 1994 TAM") in which it partially revoked the advice of the 1992 TAM and found that the 1988 amendments did in fact violate the anti-cutback provisions. The trustees adopted corrective amendments on December 22, 1994 ("the 1994 amendments") which provided that any accrued benefits

3

that were accrued prior to September 1, 1988, would be paid according to the terms of the Plan in effect on August 31, 1988.

Martin was a sheet metal worker and member of the national and local sheet metal workers' unions from July 1966 until October 1988. During this time, Martin accrued over twenty years of pension credits. Martin began a nonsignatory job in October, 1988. In September, 1993, Martin asked for a statement of vested rights under the Plan. He was informed that his early retirement and vested pension would be eliminated or significantly delayed due to his nonsignatory work (the effect of the 1988 amendments).

Martin appealed to the Plan on September 24, 1994. Less than one month later, he filed this action in the district court. After the filing of the civil suit, the Plan informed Martin that his appeal would be heard at the next meeting of the Appeals Committee. The Appeals Committee, citing special circumstances (the lawsuit), did not hear his appeal at the next meeting. On April 12, 1995, Martin moved to certify the case as a class action. On May 4, 1995, the Plan revived Martin's appeal and decided that Martin was entitled to either an early retirement or vested pension. By letter dated May 5, 1995, Martin was informed of the Plan's decision.

The district court found that because Martin received all the relief he could receive if he prevailed, his case was moot. The court denied the certification of the class, denied Martin's motion for summary judgment, denied Martin's request for attorney's fees, and granted the Plan's motion for summary judgment.

II.

This court reviews a grant or denial of summary judgment de novo. Nguyen v. CNA Corp., 44 F.3d 234, 236 (4th Cir. 1995). The denial of attorney's fees is reviewed for an abuse of discretion. Quesinberry v. Life Ins. Co. of North America, 987 F.2d 1017, 1028 (4th Cir. 1993). Denial of the certification of a class is reviewed for an abuse of discretion. Central Wesleyan College v. W.R. Grace & Co., 6 F.3d 177, 185 (4th Cir. 1993).

4

Martin argues that the plain language of the Board of Trustees' resolution supports a finding that the 1986 amendments were not repealed until September 1, 1988, instead of January 27, 1988, the date of the resolution. Because the 1986 amendments were not repealed, they were in effect on August 31, 1988. Therefore, the 1994 amendments that refer to the terms of the Plan in effect on August 31, 1988, refer to a Plan that contains the unlawful 1986 amendments.

The Plan argues that the 1986 amendments were repealed on the date of the resolution. Consequently, the 1994 amendments refer back to a Plan minus the 1986 amendments or the 1988 amendments. Therefore, any problem or complaint that Martin or anyone similarly situated had is no longer valid. The Plan maintains that anyone who applies for early retirement benefits that accrued before September 1, 1988, will receive them. The Plan points out that as evidenced by the 1994 TAM, the 1994 amendments were for the express purpose of correcting any problems with the anti-cutback rules.

The Plan has little or no incentive to abandon its current position concerning the effect of the resolution. An interpretation such as Martin espouses would cause the Plan to be in violation of ERISA's anti-cutback provisions and would jeopardize the Plan's tax qualified status under section 401 of the Internal Revenue Code. We find that the Plan has been amended to eliminate the anti-cutback provisions violation and that if the Plan did attempt to deny Martin his benefits upon reaching age 55, it would be very easy for him to produce the order of the district court, plus this opinion, to force the trustees to pay him.

As to the denial of class certification, this decision is within the sound discretion of the district court. The court found that because Martin had received all the relief he requested and because the Plan had been amended to solve the problem with the anti-cutback provisions, therefore eliminating the possibility for repetition, there was no case or controversy for either Martin or any class he could represent. Although some courts have allowed a class representative to continue to represent the class after the representative's claim has become moot, e.g., United States Parol Commission v. Geraghty, 445 U.S. 388 (1990), the potential class in the instant case has no claim for the same reasons that Martin has no claim. We find that the district court did not abuse its discretion in denying class certification.

5

We find no merit to the appellant's contention that the district court abused its discretion in denying attorney's fees.

The decision of the district court is hereby

<u>AFFIRMED</u>.